UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-14315-ROSENBERG

STEPHEN MORETTO,

    Plaintiff,

v.

CAPTAIN DUGAN, et al.,

    Defendants.

_____/

**ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Defendant Captain Dugan's Motion to Dismiss at docket entry 25. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

The Plaintiff alleges that the Defendant violated his First Amendment rights on various grounds. DE 13. Succinctly stated, the Plaintiff alleges that because he utilizes the prison grievance program, the Defendant punishes the Plaintiff with confinement and other punitive measures. *Id.* The Plaintiff's First Amendment claim is subject to the requirements of the Prison Litigation Reform Act, or PLRA.

Under the PLRA, a prisoner must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). Partial exhaustion is insufficient, and only *full* exhaustion satisfies the requirements of the PLRA. *See Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006). When a plaintiff alleges that he or she has fully exhausted all available administrative remedies, a defendant may provide evidence (attached to a Rule 12 motion to dismiss) that the plaintiff's allegation is false. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Although a defendant bears the burden of persuasion on the issue, this Court is permitted to make a factual

finding as to whether a plaintiff did or did not fully exhaust all available administrative remedies. *Id.*

Here, the Defendant has provided a detailed record of the Plaintiff's usage of administrative remedies. DE 25. The record includes not only the Plaintiff's written grievances about the Defendant, but also logs of the Plaintiff's (hundreds of) grievances as they proceeded through the prison administrative system. *Id.* The records reflect that while the Plaintiff did *partially* exhaust his administrative remedies, he did not *fully* exhaust them. Instead, it was incumbent upon the Plaintiff to finalize or correct certain returned grievances, and to complete the internal appellate process, but the Plaintiff did not do so.

In response to the Defendant's evidence, the Plaintiff contends that he did exhaust all available remedies, but the grievances that he attaches in support of his contention do not refute the Defendant's evidence that the Plaintiff did not complete the administrative appellate process. The Court is therefore persuaded that the Defendant has met his burden to show that the Plaintiff did not fully exhaust his administrative remedies, and the Court makes its finding of fact accordingly.

It is therefore **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [25] is **GRANTED** and the Plaintiff's Second Amended Complaint **IS DISMISSED**. Because there are no remaining active Defendants in this case, the Clerk of the Court shall **CLOSE THIS CASE** and deny all other pending motions **AS MOOT**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 15th day of August, 2024.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE